NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-80


KEVIN PREJEAN

VERSUS

MATT DURAND


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 90693
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**Joshua G. Keller**
**Jose R. Ruiz**
**Duetsch, Kerrigan & Stiles**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Matt Durand**

**R. Scott Iles**
**1200 West University Avenue**
**Lafayette, LA 70506**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Kevin Prejean**

**BRADBERRY, Judge.**

Kevin Prejean appeals the decision of the trial court below granting summary judgment in favor Matt Durand. For the following reasons, we hereby affirm the decision of the trial court.

On July 8, 2020, Mr. Prejean was landscaping the home of Mr. Durand as part of his employment with Matt Durand, L.L.C. While weed-eating, Mr. Prejean alleges he stepped into a depression or "little ditch" near a drainage catch basin, injuring his back. Mr. Prejean received workers' compensation benefits as a result of the injury. He later filed the current litigation, claiming Mr. Durand's property was unreasonably dangerous and seeking tort damages as well. Mr. Durand filed a motion for summary judgment, claiming that workers' compensation was Mr. Prejean's sole remedy due to the fact he was in the course and scope of his employment when injured, and that there was no proof of knowledge of any alleged defect as required by premises liability law. The trial court agreed, granting the summary judgment. From that decision, Mr. Prejean appeals.

On appeal, Mr. Prejean asserts two assignments of error, claiming that the trial court erred in finding his remedy was limited to workers' compensation and that the trial court erred in finding there was no evidence of knowledge as to the alleged premises defect. We will address Mr. Prejean's assignments of error together, not because of an overlap in the law surrounding the issues, but rather, due to the complete and total lack of evidence creating any genuine issue of material fact in this matter whatsoever.

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is

any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3).

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. **The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law**.

La.Code Civ. Proc. art. 966(D)(1)(emphasis added). *If the opponent of the motion fails to produce factual support of a genuine issue of material fact, there is none, and summary judgment will be granted*. *See* La. Code Civ.P. art. 966(D)(1); *see also Schultz v. Guoth*, 10-343 (La. 1/19/11), 57 So.3d 1002; *Larson v. XYZ Ins. Co.*, 16-745 (La. 5/3/17), 226 So.3d 412.

The record before this court is clear. Both Mr. Durand and Mr. Prejean testified that Mr. Prejean was employed by Matt Durand, L.L.C. full-time, forty hours a week. It is undisputed his job included landscaping the grounds where he was injured and that he was working when the accident occurred. According to both Mr. Durand's affidavit and his own testimony, Mr. Prejean filed for and

2

received workers' compensation wages and medical benefits as a result of the accident. There is no evidence to counter Mr. Durand's assertion that Mr. Prejean was in the course and scope of his employment when he was injured, and the trial court's finding was clearly correct. Likewise, there is no evidence whatsoever in the record that Mr. Durand had any knowledge of the depression in his yard that caused the injury at issue. In fact, Mr. Prejean himself testified in his deposition that he had no idea how long the defect existed and that he did not think Mr. Durand was aware of the alleged dip.

There is little evidence in the record before the court, literally none of which was provided by Mr. Prejean. Mr. Prejean's opposition to the motion for summary judgment was essentially a one-page motion consisting of twelve lines of attorney argument and conjecture alone. There is not a single piece of evidence attached to the opposition, nor reference to other evidence in the record made. No law or jurisprudence are set forth beyond a vague reference to "the plethora of cases cited in Louisiana Civil Code Article 2317.1." Mr. Prejean's appellate brief repeats the same effort. Simply put, there was a burden on Mr. Prejean to produce factual support sufficient to establish the existence of a genuine issue of material fact, and he utterly failed to do so. Not only is there no error in the trial court's ruling, but the trial court was plainly correct in granting Mr. Durand's motion for summary judgment because every iota of evidence in the record supported it.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Prejean.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.